IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT HENSON,<br>             Plaintiff,<br><br>    v.<br><br>U.S. FOODSERVICE, INC., et al.,<br>             Defendants. | Civil Action<br>No. 11-1809 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    This matter comes before the Court on Plaintiff Robert Henson's motion to consolidate [Docket Item 52] this action, <u>Henson v. U.S. Foodservice, Inc.</u>, Civ. 11-1809 (JBS/KMW), with the later filed action in <u>Moore v. U.S. Foodservice, Inc.</u>, Civ. 11-2460 (JHR/JS). Plaintiff's motion will be denied. The Court finds as follows:

    1.    Plaintiff Robert Henson filed suit against his former employer, Defendant U.S. Foodservice, alleging that Defendant interfered with his rights under the Family Medical Leave Act ("FMLA") and terminated him in retaliation for exercising his FMLA rights. Henson also alleges that Defendant violated the New Jersey Law Against Discrimination ("NJLAD") because he was subject to a hostile work environment and his termination was discriminatory. Plaintiff Darwin Moore brought suit against his former employer, who is also U.S. Foodservice, alleging that U.S. Foodservice interfered with his FMLA rights, terminated him

in retaliation for exercising his FMLA rights, and terminated him for discriminatory reasons in violation of the NJLAD. Moore originally asserted a hostile work environment claim under the NJLAD, but he withdrew that claim. Both Moore and Henson are African-American. Plaintiffs Henson and Moore are represented by the same attorneys.

2. Plaintiff Henson argues that the Henson and Moore actions should be consolidated because both Plaintiffs "rely upon nearly uniform evidence." (Pl. Mem. Supp. Mot. Consol. at 1.) Plaintiff notes that both cases have summary judgment motions that are presently pending, and Plaintiff argues that there are common questions that risk inconsistent results at summary judgment and at trial. Plaintiff asserts that the common questions are:

> (1) Direct evidence on the respective retaliation claims and whether the Third Circuit will accept a mixed motive charge . . .; (2) How comparator evidence will be evaluated; (3) The comparators for each case are the same, and would take at least two days of trial, and both Plaintiffs are comparators for one another; (4) Both make claims about the work environment which again the overlap on witnesses will again be days; and (5) In the end, both of these cases may be 7-10 days and are essentially cumulative.

(Id. at 1-2.) In addition to these common questions, Plaintiff also notes that counsel for both actions "have agreed to mirror discovery in these matters, to forgo duplicative discovery." (Id. at 3.) Plaintiff concludes that consolidation will preserve

judicial resources, prevent administrative confusion, and avoid conflicting decisions of law.

    3.    Defendant opposes [Docket Item 63] Plaintiff's motion because "[e]ach case presents individualized issues insofar as Plaintiffs Henson and Moore were terminated for different reasons and at different times, and different people will be testifying regarding the circumstances leading up to their terminations." (Def. Opp'n at 2.) Defendant emphasizes that "the probability for juror confusion would be high if the cases were consolidated because there would be numerous instances at trial where a witness or other piece of evidence can only be considered for purposes of one of the two cases." (Id. at 2.)

    4.    Defendant claims that the terminations occurred at different times for different reasons. Defendant claims Henson was terminated in August 2010 for insubordination after refusing to follow a supervisor's order to restack a leaning pallet of expensive food product.[1] Defendant asserts that Moore was terminated in April 2011 for excessive absenteeism, specifically eight unexcused absences, after he had exhausted his FMLA leave. Because the circumstances surrounding the terminations are

---

[1] Defendant explained in its Motion for Summary Judgment [Docket Item 46] that a leaning pallet is a safety hazard because the boxes can fall onto employees. In addition, a leaning pallet can fall and crush boxes, which customers will not purchase.

different, Defendant argues that there are no common evidentiary questions. In addition, Defendant asserts that, because Henson and Moore were terminated for different reasons, they are not similarly situated in all relevant respects, thus precluding overlap in terms of comparator employees. Finally, Defendant argues that, even if common factual or legal questions did exist, individual issues about each termination predominate. Defendant asserts that consolidation would confuse jurors and prejudice Defendant.

    5. In Reply [Docket Item 67-1], Plaintiff argues that both Henson and Moore "are presenting FMLA claims which rely on evidence of an environment permeated with anti-FMLA sentiment." (Def. Reply at 2.) In addition, Plaintiff claims that both cases will examine whether liquidated damages are appropriate for Defendant's FMLA violations.

    6. The Court will now turn to its analysis. Plaintiff Henson's motion to consolidate will be denied because individual questions predominate, and the risk of prejudice and confusion outweighs any potential benefits of consolidation.

    7. Fed. R. Civ. P. 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Under Rule 42(a), "a District Court has broad discretion to determine whether to

consolidate cases . . . ." In re Mock, 398 F. App'x 716, 718 (3d Cir. 2010); see also Wright & Miller, Consolidation--Discretion of Court, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.) ("district court is given broad discretion to decide whether consolidation under Rule 42(a) would be desirable and the district judge's decision inevitably is highly contextual"). Common questions of law or fact do not necessitate consolidation: "The mere existence of common issues, however, does not require consolidation. . . . Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." In re Consol. Parlodel Litig., 182 F.R.D. 441, 444 (D.N.J. 1998) (internal citations omitted). In short, the consolidation decision is therefore discretionary after weighing the particular circumstances.

8. In deciding whether to consolidate actions under Rule 42(a),

> the court must balance the risk of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties and witnesses, the length of time required to conclude multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial and multiple-trial alternatives.

A.F.I.K. Holding SPRL v. Fass, 216 F.R.D. 567, 570 (D.N.J. 2003) (citations omitted). In other words, "a motion under Rule 42(a)

may be denied . . . if consolidation will . . . lead to confusion or prejudice . . . ." § 2383 Wright & Miller, Consolidation—Discretion of Court, 9A Fed. Prac. & Proc. Civ. § 2383 (3d ed.).

9. Both cases involve FMLA and NJLAD termination claims against the same employer, but both statutes require the fact-finder to examine the circumstances surrounding the individual plaintiff's termination.

10. To establish a prima facie case of retaliation for taking FMLA leave under 29 U.S.C. § 2615(a)(2), a plaintiff must show that (1) he took FMLA leave, (2) he suffered an adverse employment decision, and (3) the adverse decision was causally related to his leave. Lepore v. Lanvision Sys., Inc., 113 F. App'x 449, 453 (3d Cir. 2004). Once the prima facie case is successfully made, the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for the plaintiff's termination. Id. at 452-53. If the defendant meets this burden, the plaintiff must then prove that the defendant's reason was a pretext for a discriminatory motive. Id.

11. To establish a prima facie case for a discriminatory discharge claim under the NJLAD, the plaintiff must demonstrate: (1) that he is in a protected class; (2) that he was otherwise

6

qualified and performing the essential functions of the job; (3) that he was terminated; and (4) that the employer thereafter sought similarly qualified individuals for that job. Victor v. State, 203 N.J. 383, 409 (2010). If the plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employer's action. Henry v. New Jersey Dep't of Human Servs., 204 N.J. 320, 331 (2010). Subsequently, the burden shifts back to the employee to prove by a preponderance of the evidence that the reason articulated by the employer was merely a pretext for discrimination and not the true reason. Id.

    12.  These legal standards require a fact-specific examination of each individual's termination. Plaintiff argues that the terminations were discriminatory and retaliatory in both cases. But there still must be a fact-intensive inquiry regarding Defendant's proffered reasons, i.e., insubordination for Henson and absenteeism for Moore, and the decision-making processes that led to those terminations. In addition, the NJLAD claim requires the plaintiff to show that he was performing the essential functions of the job before he was terminated, which requires an examination of each plaintiff's job performance. Individual questions thus predominate in these actions.

13. In addition, only Henson, and not Moore, has a hostile work environment claim. Evidence relating to Henson's hostile work environment claim would be inapplicable in the Moore case.

14. If these cases were consolidated for trial, the jury would be presented with substantial evidence that is only applicable in one case. As a result, "the risk of confusion lead[s] this Court to deny Plaintiff['s] motion to consolidate." Hailey v. City of Camden, 631 F. Supp. 2d 528, 553 (D.N.J. 2009). "The difficulty of instructing a jury to consider only some issues in some relevant areas for certain periods of time outweighs any benefit from combining two similar actions." Id. In addition, it could be prejudicial to Defendant for the jury to encounter so much evidence that is not relevant to the specific inquiry in each case.[2]

15. The Court will exercise its discretion and deny Plaintiff's consolidation request. The accompanying Order will be entered.

**August 15, 2013**             **s/ Jerome B. Simandle**
Date                         JEROME B. SIMANDLE
                                Chief U.S. District Judge

---

[2] The Court makes no determination whether aspects of Moore's case might be admissible in Henson's trial as "other acts" of the defendant under Rules 404(b) & 403, Fed. R. Evid., as the issue is not presented here and requires case-by-case determination and, eventually, limiting instructions to the jury if such evidence is permitted. Such matters may be addressed in advance of trial, if necessary.